# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH WESTBURG and LAURIE LIPMAN,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOOD LIFE ADVISORS, LLC, et al.,<br><br>        Defendants. | CASE NO. 18cv248-LAB (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Dkt. 22];**<br><br>**GRANTING MOTIONS FOR JUDICIAL NOTICE [Dkts. 23, 27]** |

The Defendants have filed a Motion to Dismiss. Dkt. 22. The Court's previous order (Dkt. 19) lays out the background of this case and, except where necessary, the facts are not repeated here.

### Plaintiffs' Federal Claims for Declaratory Relief

  **a. Subject-Matter Jurisdiction**

Defendants argue this Court lacks subject-matter jurisdiction because the only basis for jurisdiction is Plaintiffs' claim for declaratory relief under the Defend Trade Secrets Act ("DTSA") and the Computer Fraud and Abuse Act ("CFAA"). In Defendants' view, because Defendants have not (and do not intend to) assert claims under these statutes, Plaintiffs' prayer for declaratory relief is simply an attempt to "bootstrap" their way into federal court via a request for an impermissible advisory opinion. Not so.

1 | The Declaratory Judgment Act gives district courts discretion to issue declaratory relief. 28 U.S.C. § 2201. The purpose of a declaratory judgment is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never." *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091-92 (9th Cir. 1992) (quoting *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir.1990)). But a request for declaratory judgment cannot be used to bypass Article III's requirements; a federal court has jurisdiction to award declaratory relief only where a true case or controversy exists. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)."). In other words, a claim for declaratory judgment is justiciable only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Federal suits premised on declaratory relief present a unique challenge: a court must ask itself whether it's properly granting a claim for declaratory relief or improperly issuing an advisory opinion. The outcome depends on the nature of the underlying claim—if "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then [the federal court] has jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985). In other words, if the Defendants here could have brought a suit against the Plaintiffs in federal court, the Plaintiffs can head that off by first seeking declaratory relief stating that they did not do what the Defendants said they did. The key words here are "could have." It's not necessary that a suit by the Defendants was imminent, only that the Defendants "could have asserted [their] own rights." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *see also Household Bank v. JFS Grp.*, 320 F.3d 1249, 1257 (11th Cir. 2003) ("[T]he Declaratory

Judgment Act permits a party[] 'to bootstrap its way into federal court by bringing a federal suit that corresponds to one the opposing party *might* have brought.'") (emphasis in original) (quoting *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987)).

Here, assuming the truth of the allegations in Plaintiffs' Complaint, it's clear that the Defendants "could have" brought a suit against Plaintiffs for violation of the DTSA and CFAA. Indeed, Defendants' actions admit as much. Their suit in Pennsylvania state court—which was filed just days after this motion—alleges that Plaintiffs misappropriated trade secrets when they left the company. *See* Request for Judicial Notice, Dkt. 27, Ex. 1 at 20.[1] Given that Pennsylvania trade secret law "essentially protect[s] the same type of information as the DTSA," it's not a stretch to conclude that Defendants could have brought a suit against Plaintiffs for violation of the DTSA, and likely for violation of the CFAA as well. *Teva Pharm. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 675 (E.D. Pa. 2018). At the outset of this case, the Court had subject-matter jurisdiction over this case based on Plaintiffs' claim for declaratory relief.

**b. Mootness**

Perhaps sensing the weakness of their argument that Plaintiffs' declaratory judgment claim does not give rise to subject-matter jurisdiction, Defendants attempt instead to moot the case by "perpetually releas[ing] and disclaim[ing] any intent to file any claim against Plaintiffs under the CFAA or DTSA. This judicially estops Defendants from pursuing any such claim, further mooting Plaintiffs' forum-shopping-driven attempt at an anticipatory defense." Reply, Dkt. 28, at 2. Although unusual, the Court finds that this waiver moots Plaintiffs' claims for declaratory relief and leaves it without jurisdiction.

---

[1] Each party has requested that the Court take judicial notice of certain documents. Defendants request that the Court take judicial notice of the parties' "Operating Agreement," which is incorporated by reference into Plaintiffs' Complaint. Dkt. 23. Plaintiffs request that the Court take judicial notice of the complaint filed by Defendants in Pennsylvania state court. Dkt 27. Neither request is opposed and both documents are proper subjects for judicial notice, so the requests are **GRANTED**.

Claims for declaratory relief, like all other claims in federal court, are subject to the doctrine of mootness. *See Pub. Util. Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1459 (9th Cir. 1996) ("A federal court cannot issue a declaratory judgment if a claim has become moot."). "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 1458 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Stated another way, the "central question . . . is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (quoting *West v. Sec'y of the Dep't of Transp.*, 206 F.3d 920, 925 n.4 (9th Cir. 2000)).

Plaintiffs argue that a representation by a defendant that it does not intend to bring a federal claim against a declaratory judgment plaintiff will not "moot the controversy and destroy subject matter jurisdiction." Opp., Dkt. 26, at 7 (citing *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 563 (2d Cir. 1991)). Fair enough. A defendant's assertion that it does not intend to bring a federal claim does not, by itself, moot a claim for declaratory relief. *See Kidder, Peabody & Co.*, 925 F. 2d at 563; *Cmty. State Bank v. Strong*, 485 F.3d 597, 612 (11th Cir. 2007) ("Neither the fact that [defendant] brought a suit asserting only state-law claims nor the fact that he has since represented that he will not amend that complaint to add federal claims prohibits [defendant] from changing his mind."), *reh'g en banc granted and opinion vacated on other grounds*, 508 F.3d 576 (11th Cir. 2007). But Plaintiffs themselves concede that a defendant can moot a claim for declaratory relief by settling the claims or entering into some other "judicially enforceable agreement" not to bring the claims in the future. *See* Opp. at 7; *see also Kidder, Peabody & Co.*, 925 F.2d at 563 (finding claims for declaratory judgment "inarguably . . . moot" where "the parties have entered into a settlement, . . . or where the defendant has entered into a binding, judicially enforceable agreement.") (internal citations and quotation marks omitted). The question here is whether self-imposed judicial estoppel is equivalent to a

settlement or "judicially enforceable agreement" such that it moots the claim for declaratory relief. The Court concludes that it is.

Under the judicial estoppel doctrine, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). By judicially estopping themselves, Defendants have unambiguously waived the ability to ever bring a suit against Plaintiffs for violation of the DTSA or CFAA. This waiver is judicially enforceable; should Defendants violate the waiver by asserting such claims and taking a "contrary position" in the future, the claims would be subject to immediate dismissal by the court where they are brought. *See, e.g., Finn v. Sullivan*, 228 F. Supp. 3d 972, 985 (N.D. Cal. 2017) (dismissing with prejudice plaintiff's claims that were barred by judicial estoppel); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'") (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)).

Plaintiffs having conceded that their claim for declaratory relief would be moot if Defendants entered into a "legally-binding settlement releasing the potential federal claims," Opp. at 7, the Court concludes there's no meaningful difference in this context between a legally binding settlement and self-imposed estoppel. In *Kidder, Peabody & Co.*, the Second Circuit recognized that a defendant's representation that it would not bring a federal action does not, standing alone, moot a claim for declaratory relief because "[w]ithout a declaratory judgment, [defendant] again could put [plaintiff] to the task of defending against the federal . . . claims." *Kidder, Peabody & Co.*, 925 F.2d at 563. Not so here. Defendants have not simply represented to the Plaintiffs that they do not intend

to bring DTSA or CFAA claims against them, they are now precluded from asserting such claims. There is no risk that Defendants will "put [Plaintiffs] to the task of defending against [DTSA and CFAA] claims," so there is no need for declaratory relief. *Id.* This self-imposed estoppel functions as a "judicially enforceable agreement" that moots Plaintiffs' claims for declaratory relief. *Id.*

Plaintiffs' claims for declaratory relief under the DTSA and CFAA are **MOOT** and **DISMISSED WITH PREJUDICE**. In the absence of these claims, there is no basis for federal jurisdiction in this case.[2]

### Supplemental Jurisdiction

Without Plaintiffs' claims for declaratory relief under the DTSA and CFAA, only Plaintiffs' seven state-law claims remain. "[I]n in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, there is another pending action involving the same underlying set of facts. Because retaining and ruling on Plaintiffs' state-law claims would present the risk of inconsistent rulings and unnecessary duplication of efforts, judicial economy would not be served by retaining supplemental jurisdiction over these claims. The Court declines to exercise supplemental jurisdiction and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' state-law claims.

/ / /

/ / /

---

[2] There is no diversity jurisdiction because citizens from California appear on both sides of the "v." Plaintiffs are both citizens of California. *See* Complaint, Dkt. 1., at ¶¶ 2, 3. Defendant Good Life Management, a limited liability company, is a citizen of every state in which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants submit that at least one member of Good Life Management, Otis Jacobs, is a California citizen, which precludes this Court from exercising diversity jurisdiction. *See* Reply at 6 n.1.

For the reasons above, Defendants' Motion to Dismiss is **GRANTED IN PART**. Dkt. 22. The parties' requests for judicial notice are **GRANTED**. Dkts. 23, 27. Plaintiffs' claim for declaratory relief under the DTSA and CFAA is **DISMISSED WITH PREJUDICE AS MOOT**. The Court won't exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, so it **DISMISSES THOSE CLAIMS WITHOUT PREJUDICE**. The clerk is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: April 5, 2019

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge